Commonwealth, Appellant, *v.* Mitchell.

Argued October 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellant.

*Angelo L. Scaricamazza,* with him *Thomas J. Minnick, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 9, 1943:
This appeal presents this question: Does a discharge

of the defendant in a habeas corpus proceeding under the "two term" rule, established by section 3 of the Habeas Corpus Act of February 18, 1785, 2 Sm. L. 275, and re-enacted by section 54 of the Act of March 31, 1860, P. L. 427, 19 PS §781, prevent trial or is it a discharge from imprisonment only?

John Mitchell was arrested September 9, 1938, charged with robbery, held without bail, and seven days thereafter was indicted by the grand jury. On October 1, 1938, he was arraigned and plead "not guilty." His case was listed for trial several times and he and his attorney in each instance were in court, but it was never reached due to the trial of other cases. On February 6, 1939, Mitchell petitioned the court for a writ of habeas corpus, alleging he was entitled to his discharge under the provisions of section 54 of the Act of 1860, supra. On February 9, 1939, he moved the court to quash the indictment. On February 10, 1939, Judge BOK, after a hearing in the habeas corpus proceeding, discharged the defendant. Judge FINLETTER on June 8, 1942, dismissed the motion to quash the indictment. No further action was taken until March 17, 1943, when the case was again listed for trial. The defendant, with his counsel, appeared in court. Relying on his discharge in the habeas corpus proceeding he moved, through his attorney, for his absolute discharge under the "two term" rule, claiming that he should not be subjected to a trial. Judge BLUETT, against the protest of the Commonwealth, granted defendant's motion and this appeal by the Commonwealth followed.

Section 3 of the Habeas Corpus Act of February 18, 1785, supra, was re-enacted with an immaterial addition in section 54 of the Act of 1860, supra. The pertinent portion provides: "If any person shall be committed for treason or felony, or other indictable offense, and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where the offense is properly cognizable,

after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term, sessions or court, *to set at liberty the said prisoner upon bail,* unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced; and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be *discharged from imprisonment."* (Italics supplied.)

The usual three month term of criminal courts in other counties was changed to a one month term in Philadelphia County by the Act of March 13, 1867, P. L. 420, §1, 17 PS §471. Section 4 of that act, 17 PS §473, reads as follows: "Nothing herein contained shall be construed, or taken, to affect the act of February 18, 1785, as now applicable to said court; and no person shall be bailed, under said act, except upon the expiration of the second term, herein created, [i. e. two months] nor be discharged, under said act, except upon the expiration of the fourth term, herein created [i. e. four months]."

No decision of an appellate court in this state on the question we are now considering has been cited and we have found none. In other jurisdictions there is a conflict in the decisions as to whether a release on habeas corpus of a prisoner held in jail for trial beyond one or more terms, is a final release, or one from imprisonment only: 25 Am. Jur., Habeas Corpus, §157, citing *In Re Begerow,* 136 Cal. 293, 68 P. 773, 56 L. R. A. 528, holding a discharge is not final, and *People ex rel Nagel v. Heider,* 225 Ill. 347, 80 N. E. 291, 11 L. R. A. (NS) 257, contra.

In *Morse v. U. S.,* 267 U. S. 80, 85, 86, 69 L. Ed. 522, 45 Sup. Ct. 209, the Supreme Court stated that while

the authorities passing upon the discharge of a defendant in a habeas corpus proceeding are not entirely harmonious, a rule may be deducible therefrom that when the proceedings are preliminary and ancillary to the trial upon the merits, "a decision discharging the prisoner neither annuls the indictment nor blots out the offense."

In *U. S. v. Cadarr,* 197 U. S. 475, 478, the court said that "generally speaking where the statute has provided that the discharge shall be from imprisonment or bail, without other language, it has been held not to operate as a statute of limitation."

Judge MITCHELL, later Chief Justice, when sitting on the Common Pleas, in *Commonwealth v. Brown,* 11 Phila. Rep. 370, in discussing the act of 1785 said that "all circumstances of physical, moral, or legal necessity, which prevent trial, are exceptions which take a case out of the statute."

The opinions in our lower courts, which have had this matter for consideration, are not in accord. Only in a very few cases was the question of an absolute discharge squarely raised. Judge BREWSTER in *Commonwealth v. McBride and Graveland,* 2 Brewster 545, where the defendant was charged with homicide, held his discharge from imprisonment for want of trial after two terms (four in Philadelphia County) was absolute.

In *Commonwealth v. Sukena,* 11 D. & C. 340, also a murder case, the opposite point of view was taken. The defendant there moved for his discharge from imprisonment under section 54 of the Act of 1860, supra, on the ground that his case could have been, but was not, called for trial during two terms of criminal court. Judge KOCH held that the language of the act requiring a prisoner's discharge is imperative, but that "his discharge from prison does not imply an end of the case against him. His case simply remains open for trial hereafter upon due and proper notice given to the de-

fendant of the time when his case will be called."

In *Commonwealth v. Henry,* 19 District 393, defendant was charged with statutory rape, and was discharged from imprisonment where delay in trial beyond two terms was caused by the prosecutrix' inability to appear against him. Judge SCOTT in granting the discharge said, p. 395: "The act of assembly requires the court to discharge the defendant from *imprisonment only."* The question of whether an indictment could be prosecuted further or whether the district attorney could authorize a new complaint was not passed upon as those matters did not arise.

Section 3 of the Habeas Corpus Act of 1785, supra, which, as above noted, was re-enacted in the Act of 1860, supra, was in substance copied from the British statute of Charles II, chapter 2, and had for its primary purpose the prevention of indefinite imprisonment of a defendant awaiting trial. In *William John Clark v. The Commonwealth,* 29 Pa. 129, where delay in trial was due to errors in drawing the panel of grand jurors, the court in refusing to discharge the prisoner under the Act of 1785 stated, p. 135: "The statute was made to restrain the malice and oppression of prosecutors, and to relieve *wrongful* imprisonment; not to embarrass the administration of the criminal law; not to relieve righteous imprisonment, and to defeat public justice."

A discharge in a habeas corpus proceeding does not mean that under all circumstances it is the end of the prosecution: *John Zebley, Jr. v. John W. Storey,* 117 Pa. 478, 12 A. 569. See, also, a well considered opinion by Judge BRAHAM in *Commonwealth v. Seevers,* 26 D. & C. 344, 346; *Commonwealth v. Trost and Gunkel,* 21 District 1081; *Commonwealth ex rel McGurk v. Supt. of the County Prison,* 97 Pa. 211, 214; *Commonwealth v. Zec,* 262 Pa. 251, 256, 105 A. 279.

The plain literal meaning of the act is clear—"he shall be discharged from imprisonment"—nothing more than that. Nor does the constitutional provision in

Article 1, Section 9, of our Constitution of 1874, which provides that "in all criminal prosecutions the accused hath a right to ...... a speedy public trial by an impartial jury of the vicinage; ......" warrant the granting of anything beyond a discharge from imprisonment. Our interpretation of the constitution and our statute permits a prisoner to be discharged from unlawful imprisonment, but does not permit the guilty to escape prosecution because of a fortuitous circumstance which delays the trial. If we accept the construction as contended for by the appellee, it would mean that a defendant out on bail after two terms must stand trial, while a defendant imprisoned for two terms without trial goes free. Such a result was never intended by the framers of the act.

The judgment is reversed and defendant is ordered to stand trial upon proper notice being given him.