**Rouzer Petition**

*J. William McIntyre,* for petitioner.

WRIGHT, P. J., January 14, 1950.—There has been presented in our court of common pleas the petition of Sewell W. Rouzer, Jr., for a writ of habeas corpus. This petition is improperly captioned and inadequately prepared, but we will nevertheless give it consideration. Petitioner is presently confined in the Western State Penitentiary (12 to 26 years) under sentences from the Court of Quarter Sessions of Blair County on charges of burglary, larceny, and prison breach. He is also under indictment in the Court of Quarter Sessions of Bedford County on 11 charges of issuing worthless checks (nos. 39 to 43 of September sessions, 1947, and nos. 20 to 25 of December sessions, 1948). The effect of his present petition is to request a prompt trial on the Bedford County charges, a right guaranteed by article I, sec. 9 of the Constitution of the Commonwealth.

Our attention has not been called to a reported case which is exactly similar. We are entirely clear that petitioner is not entitled to a writ of habeas corpus. Passing the question of jurisdiction, there is no complaint that his present confinement is contrary to law. Habeas corpus is available to one convicted of crime only if he actually is not guilty, or has been pardoned, or has been committed to the wrong institution, or has served the maximum sentence: Commonwealth ex rel. Greevy v. Reifstick, 271 Pa. 441, 446.

In the unreported Bedford County case of Commonwealth v. Barclay, December Sessions, 1933, no. 22, in which we were counsel for defendant, relief in an exactly similar situation was secured by means of a petition for a rule upon the district attorney to show cause why the case should not be tried. In Commonwealth v. Seevers, 26 D. & C. 344 (1936), petitioner did not ask for habeas corpus or prompt trial, but for discharge from imprisonment under the two-term rule (Act of March 31, 1860, P. L. 427, sec. 54). In dismissing his petition, the court (Braham, P. J.) indicated that relief would be afforded upon a petition "asking the Commonwealth to try the defendant on the pending indictment or suffer a dismissal of the case". Incidentally, discharge for want of trial for two terms is a discharge from imprisonment only and not a final release: Commonwealth v. Mitchell, 153 Pa. Superior Ct. 582, aff. 349 Pa. 559.

Our conclusion is that petitioner is entitled to relief, but not by the remedy he has attempted to adopt. He should have asked for a rule to show cause, rather than for a writ of habeas corpus. We will not require him to commence anew, but will instruct the district attorney to proceed. It is well settled that petitioner may be removed from the penitentiary by writ of habeas corpus at the instance of the district attorney: Commonwealth v. Ramunno, 219 Pa. 204. Regardless

of the outcome in Bedford County, petitioner will thereafter be returned to the penitentiary to complete his Blair County sentences.

### Decree

Now, January 14, 1950, petition dismissed, with instructions to the district attorney to arrange for a prompt trial.