## Commonwealth *v.* Moncak, Appellant.

Argued November 20, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Joseph P. Brennan,* with him *James E. O'Brien,* for appellant.

*Thomas J. Foley,* Assistant District Attorney, with him *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1954:

Under date of November 24, 1953, we affirmed the order of the court below denying appellant's motion for his discharge from imprisonment and stated that an opinion would be filed later. The question concerns the application of the so-called "two-term rule."

Appellant, Andrew Moncak, was arrested on April 11, 1953, upon a warrant issued by an alderman of the City of Scranton charging him with the murder of one Margaret Grunik. Waiving a hearing, he was there-

upon committed to the Lackawanna County Prison. On April 13 the alderman's transcript was returned to the Clerk of the Court of Oyer and Terminer. On that same day the Grand Jury in and for the County commenced its deliberations and remained in active session until April 16, at which time the court excused it from further service but subject to being re-summoned if occasion should require. A new grand jury was sworn and came into being on September 8. The district attorney presented to this grand jury on September 11 an indictment charging appellant with the crime of murder. A session of the petit jury in the Court of Oyer and Terminer of Lackawanna County commenced on May 4 and continued until May 8. Another such session commenced on October 5 and continued until the conclusion of the trial of another homicide case which was conducted before this venire.

Appellant was not tried at the session of the petit jury in May (he had not been indicted at that time) nor at the session in October. On October 26 he filed a motion for his discharge from imprisonment, invoking the two-term rule. An answer was filed by the district attorney and a reply to the answer by appellant. The court refused to allow the rule and from that refusal the present appeal was taken.

It is stated in the opinion filed by the learned trial judge of the court below that in the Court of Oyer and Terminer of Lackawanna County terms for the current year commenced respectively on February 16, June 8, October 26 and December 15.

The Act of March 31, 1860, P. L. 427, Section 54, closely following the Act of February 18, 1785, 2 Sm. L. 275, Section III, provides that "If any person shall be committed for treason or felony, or other indictable offence, and shall not be indicted and tried some time in the next term, session of oyer and terminer, general

jail delivery, or other court where the offence is properly cognizable, after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term, session or court, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced; and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment: . . ."

Of course the discharge of the defendant under the two-term rule is a discharge only from imprisonment and not a release from subsequent prosecution and trial: *Commonwealth v. Mitchell*, 153 Pa. Superior Ct. 582, 34 A. 2d 905, affirmed 349 Pa. 559, 37 A. 2d 443.

It is appellant's contention that two sessions of petit juries having been held subsequent to his commitment, and he not having been tried at either one, he should be discharged from imprisonment. The district attorney on the other hand contends that he was unable to present the case for indictment in April because of lack of time for preparation; therefore appellant could not have been tried in May; furthermore, it was impossible to try him in October because a lengthy murder trial was then being conducted before the jury. The district attorney calls attention to the cases which hold that there may be circumstances of physical, moral or legal necessity which, preventing trial, take a case out of the statute.[1]

---

[1] For example: When the trial is impossible because of rules of law: *Commonwealth v. The Sheriff and Gaoler of Allegheny County*, 16 S. & R. 303. When the trial is impossible by the act

We do not deem it necessary to pass upon the merits of the argument thus presented by the district attorney because, in our opinion, the Act of 1860 requires, in order to entitle a defendant to discharge from imprisonment, that two *terms* shall have passed after his commitment without his having been indicted and tried therein.

The Act is not as clear as it might be in that it apparently uses the word "term," the word "session" and the word "court" as though they were synonymous. Ordinarily the "term" of a court is understood to be the time prescribed by law within which it may be in session, whereas the "session" of a court is the time of its actual sitting: I Standard Pennsylvania Practice p. 242, §293. The difference between prescribed terms and the holding of sessions within such terms was clearly pointed out by Judge KELLER in *Fisher v. Fisher*, 74 Pa. Superior Ct. 538, 542-544. The question therefore arises: Does the Act of 1860 establish a "two-term" rule or a "two-sessions" rule? Terms are fixed by statutes or, under the Act of April 27, 1927, P. L. 420,[2] by the courts themselves, and, when thus estab-

of God: *Commonwealth v. Jailer of Allegheny County*, 7 Watts 366. When the delay is occasioned by the wrongful act of the defendant: *Respublica v. Arnold*, 3 Yeates 263. When the delay in trial is caused by legal proceedings instituted by the defendant himself: *Ex parte Walton*, 2 Wharton 500: *Commonwealth ex rel. McGurk v. Superintendent of the County Prison*, 97 Pa. 211. When the defendant has been a fugitive from justice: *Commonwealth v. Hale*, 13 Phila. 452; *Commonwealth v. Pulte*, 14 Phila. 398.

[2] "Be it enacted, &c., That the judges of the several courts throughout the Commonwealth shall be authorized at any time hereafter to make an order fixing the number of the regular terms of the said several courts, establishing the times for holding the same, and fixing the times for jury trials in said courts, as in the opinion of the said judges, the business may require." A special act for the City and County of Philadelphia, viz. the Act of March 13,

lished, they constitute definitive periods of time which lend themselves to easy application, whereas "sessions" or "courts" may be held at varying times, several possibly in a single term or perhaps none during one or more successive terms. Moreover, it would be difficult in this connection to determine whether different "sittings" of the court from time to time constituted one "session" or a series of "sessions" within the intendment of the Act. We conclude, therefore, that the Act must be interpreted as meaning fixed "terms" of court, and that it is only when two such terms shall have passed after the commitment of a defendant without his having been indicted and tried therein that he would be entitled to discharge from imprisonment.

Since it appears that in Lackawanna County, according to the terms established by the court for the year 1953, appellant was committed during the term beginning February 16, and that the first term after his commitment began June 8 and the second term October 26, his motion for discharge from imprisonment filed by him on October 28 was obviously premature because he was not entitled to the benefit of the two-term rule until the expiration of the latter term on December 14 without his having been tried therein.[3]

We therefore affirmed the order of the court below denying appellant's motion for his discharge from imprisonment.

---

1867, P. L. 420, provided that the session of the courts of oyer and terminer, general jail delivery and quarter sessions of the peace, shall commence on the first Monday of each month.

[3] Appellant was in fact tried on November 30 and found guilty of voluntary manslaughter.