## Commonwealth ex rel. Graham, Appellant, v. Myers.

Submitted December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Henry Graham,* appellant, in propria persona.

*Augustine J. Rieffel* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 22, 1961:

On August 5, 1960, in Court of Common Pleas No. 4 of Philadelphia County, Henry Graham filed a petition for a writ of habeas corpus, upon the presentation of which petition a rule to show cause was granted. Answers were filed by the Superintendent of the State Correctional Institution at Graterford, Pennsylvania, and by the District Attorney of Philadelphia County. On August 26, 1960, the return day, the rule was discharged and the petition dismissed. Graham has appealed.

The record discloses that appellant was arrested for questioning in connection with a rape and robbery which occurred on January 10, 1959, at 1734 North Park Avenue, Philadelphia. On January 12, 1959, appellant was taken before a magistrate, formally charged, and committed to the Philadelphia County Prison. At February Sessions 1959, appellant was indicted by the grand jury of Philadelphia County on three bills of indictment as follows: Bill No. 70 charging conspiracy, Bill No. 71 charging rape and aggra-

vated assault, and Bill No. 72 charging robbery by violence. On June 9, 1959, appellant was tried on the aforesaid charges, and convicted. On Bills Nos. 70 and 72 sentence was suspended. On Bill No. 71 appellant was sentenced to imprisonment for a term of not less than seven and one-half years nor more than fifteen years. He was thereupon delivered to the Eastern Correctional Diagnostic Center. On September 1, 1959, appellant was transferred to the State Correctional Institution at Graterford, where he is presently confined.

Appellant's sole contention on this appeal is that he was denied the speedy public trial guaranteed to him under Section 9, Article I of the Constitution of this Commonwealth. He argues that "by the prosecution delaying the trial for approximately five months . . . the 'trial court' was without jurisdiction to proceed, and all proceedings had against the petitioner in this court on June 9, 1959, were null and void".

In support of his contention, appellant attempts to rely upon Section 54 of the Act of March 31, 1860, P. L. 427, 19 P.S. 781,[1] which provides that "if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment . . . he shall be discharged from imprisonment". However, it is well settled that the discharge contemplated by this statute is not a final release, but a discharge from imprisonment only: *Commonwealth v. Mitchell,* 153 Pa. Superior Ct. 582, 34 A. 2d 905; affirmed 349 Pa. 559, 37 A. 2d 443. See also *Commonwealth v. Moncak,* 375 Pa. 559, 101 A. 2d 728; *Rouzer Petition,* 71 Pa. D. & C. 44. As stated in the *Mitchell* case:

"The plain literal meaning of the act is clear—'he shall be discharged from imprisonment'—nothing

[1] Amended as to counties of the second class by Act No. 614, approved December 1, 1959, P. L. 1671.

more than that. Nor does the constitutional provision in Article I, Section 9, of our Constitution of 1874, which provides that 'in all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage' warrant the granting of anything beyond a discharge from imprisonment. Our interpretation of the constitution and our statute permits a prisoner to be discharged from unlawful imprisonment, but does not permit the guilty to escape prosecution because of a fortuitous circumstance which delays the trial. If we accept the construction as contended for by the appellee, it would mean that a defendant out on bail after two terms must stand trial, while a defendant imprisoned for two terms without trial goes free. Such a result was never intended by the framers of the act".

This appellant was properly indicted, tried, and convicted. His right to be discharged under the "two term rule" is a right which existed prior to trial. In the words of Mr. Justice (now Chief Justice) JONES, the rule "does not operate to thwart a court's jurisdiction of an accused or save him from trial and punishment, upon conviction later": *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244. The question whether appellant should have been released pending trial is now moot, and may not be raised belatedly in this habeas corpus proceeding. Cf. *Commonwealth ex rel. Gist v. Banmiller,* 398 Pa. 162, 157 A. 2d 166.

Order affirmed.