## Commonwealth *v.* Petrisko, Appellant.

251

Argued October 3, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Thomas W. Henderson,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with
her *Charles B. Watkins,* Assistant District Attorney,
and *Robert W. Duggan,* District Attorney, for Com-
monwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1968:
On December 11, 1967, the appellant, George J.
Petrisko, was arrested in Allegheny County on the
charge of murder.   He was arraigned before a com-
mitting magistrate the following day and held without
bail for trial.   On January 17, 1968, the grand jury

returned a true bill. On June 27, 1968, Petrisko, not having been tried on the indictment, filed a petition for discharge from imprisonment under the Act of March 31, 1860, P. L. 427, §54, as amended, Act of December 1, 1959, P. L. 1671, §1, 19 P.S. §781. From the lower court's order denying the petition after hearing, this appeal was filed. We affirm.

The Act of 1860, supra, in pertinent part provides as follows: "If any person shall be committed for treason or felony, or other indictable offense and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where the offense is properly cognizable, or in counties of the second class if any person shall be committed for treason or felony or other indictable offense and shall not be indicted and tried within six months in a court where the offense is properly cognizable, after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term, sessions, or court, or in counties of the second class within six months of the commitment for treason or felony or other indictable offense, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced; and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, or in counties of the second class if such prisoner shall not be indicted and tried within six months after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment: . . ."[1]

---

[1] Allegheny is a county of the second class.

The record discloses that before the petition for discharge was filed, trial of the case was scheduled on two different occasions, but continued. While it does not appear that these postponements were "on the application or with the assent of" Petrisko, it is clear that a petition filed by Petrisko, pro se, to suppress certain evidence, and subsequent motions filed on his behalf by counsel to quash the indictment, suppress evidence and for the appointment of a psychiatrist did play a major part in delaying the trial beyond the six month statutory period. In fact, the last mentioned motions were filed on June 10, 1968, the very day the case was listed for trial the second time. The filing of these motions, a hearing thereon and disposition thereof prevented the case from proceeding to trial as scheduled. Under the circumstances, the court below did not err in refusing the petition for discharge. Where the delay in bringing the issue to trial within the six month period is due to the actions of the accused, he is not entitled to discharge under the Act of 1860.

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.