Commonwealth, Appellant, *v.* Clark.

Argued March 17, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David Richman,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Sanford Kahn,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1970:

In 1951 appellee, while incarcerated in the Indiana State Reformatory in Pendleton, Indiana, made certain statements to the Warden in which he confessed to a murder in the Philadelphia area. After questioning and an investigation by Pennsylvania authorities, an indictment was returned in Philadelphia County at April Sessions 1952. A trial was not had on this indictment, however, until March of 1959. At that trial appellee was convicted of first degree murder and sentenced to life imprisonment. No appeal was taken.

In 1967 appellee filed a petition pursuant to the Post Conviction Hearing Act, alleging that he was denied his right to appeal. Counsel was appointed, a hearing held and relief granted. Appellee then filed post-trial motions in which he alleged that he had been denied his right to a speedy trial and that an unconstitutionally obtained confession was admitted at his trial. The hearing court decided that his confession claim was not meritorious, but held that an evidentiary hearing was required to resolve the speedy trial claim. Believing that no procedure was available whereby evidence could be taken on post-trial motions, the hearing court granted appellee a new trial, at which time appellee could raise his speedy trial claim by way of a pre-trial motion to quash the indictment. The Commonwealth now appeals this ruling.[1]

---

[1]Appellee also urges that the hearing court erred in finding against him on his involuntary confession claim. Assuming that

Recent decisions of the United States Supreme Court have made clear that the right to a speedy trial "is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina,* 386 U.S. 213, 226, 87 S. Ct. 988, 995 (1967). The Supreme Court has stated that the Sixth Amendment's guarantee of a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United Staes v. Ewell,* 383 U.S. 116, 120, 86 S. Ct. 773, 776 (1966). The Court has also detailed how delay in bringing to trial a man already in prison on a different charge—as appellee in the instant case was—"may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge." *Smith v. Hooey,* 393 U.S. 374, 378, 89 S. Ct. 575, 577 (1969). See Comment, "Effective Guaranty of a Speedy Trial for Convicts in Other Jurisdictions," 77 Yale L.J. 767, 769-70 (1968).

Initially we note that the Commonwealth does not dispute appellee's contention that once a trial has been delayed so long that it is no longer "speedy", the proper relief must be dismissal of any further proceedings in connection with the charged offense, and not the grant of a trial. *Dickey v. Florida,* 398 U.S. 30, 90 S. Ct. 1564 (1970). For granting a trial could not remedy the oppressive incarceration prior to trial, or the anxiety caused by the pending charge, or the impaired ability of the accused to properly defend himself. "[T]he

appellee can raise this issue on this appeal, we find that the hearing court's decision was correct. Appellee's lawyer did not object to the admission into evidence of the confession, and it is clear that defense counsel attempted to convince the jury that the confession was untruthful, rather than that it was obtained by improper police methods.

constitutional guarantee is not to be washed away in the dirty water of the first prosecution, leaving the government free to begin anew with clean hands," and hence all further prosecution of the accused in connection with the charged offense must be barred once the accused's right to a speedy trial has been denied. *Mann v. United States,* 304 F. 2d 394, 397 (D.C. Cir. 1962).[2]

The Commonwealth argues, however, that appellee has waived his right to assert his speedy trial claim by failing to raise it by way of a motion to quash the indictment before his 1959 trial, and by failing to raise it in his PCHA petition. We cannot agree with either Commonwealth contention.

In 1959, when appellee's trial occurred, it was apparently the law in Pennsylvania that the speedy trial "guarantee in the Pennsylvania Constitution does not, in itself, warrant anything beyond a discharge from imprisonment where indictment or trial is delayed: Commonwealth v. Mitchell, 153 Pa. Superior Ct. 582, 34 A. 2d 905 (1943), aff'd 349 Pa. 559, 37 A. 2d 443 (1944);

---

[2]See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial §4.1 (Approved Draft 1968): "If a defendant is not brought to trial before the running of the time for [a speedy] trial . . . the consequence should be absolute discharge. Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense." The Commentary to that section states: "The position taken here is that the only effective remedy for denial of speedy trial is absolute and complete discharge. If, following undue delay in going to trial, the prosecution is free to commence prosecution again for the same offense, subject only to the running of the statute of limitations, the right to speedy trial is largely meaningless. Prosecutors who are free to commence another prosecution later have not been deterred from undue delay. See, *e.g.,* Brummit v. Higgins, 80 Okla. Crim. 183, 157 P. 2d 922 (1945)." Id. at 40-41. See also Note, "The Right to a Speedy Criminal Trial," 57 Colum. L. Rev. 846, 860-61 (1957).

Commonwealth ex rel. Graham v. Meyers, 194 Pa. Superior Ct. 561, 168 A. 2d 796 (1961)." *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 503, 187 A. 2d 278, 279 (1963).[3] Since discharge from imprisonment would not have enabled appellee to avoid his trial, raising the speedy trial claim immediately before trial would have been senseless. In fact, it was not until recently that the United States Supreme Court held that the Federal Constitutional guarantee of a speedy trial was binding on the States, see *Klopfer v. North Carolina,* supra, and that the proper relief from this denial was dismissal of "any further proceedings." *Dickey v. Florida,* 398 at 38, 90 S. Ct. at 1569. Compare *Smith v. Hooey,* 393 U.S. 374, 383, 384, 89 S. Ct. 575, 580 (1969) (BLACK and WHITE, JJ., concurring; separate opinion of HARLAN, J.). Thus we cannot find that appellee knowingly waived his right to a speedy trial, since the law at the time of his trial did not entitle him to the relief he now seeks. See *O'Connor v. Ohio,* 385 U.S. 92, 87 S. Ct. 252 (1966); *Commonwealth ex rel. Berkery v. Myers,* 429 Pa. 378, 239 A. 2d 805 (1968).

Nor can we hold that appellee's failure to raise the issue in the instant PCHA petition forecloses him from raising it now, on post-trial motions. Cf. *Commonwealth v. Satchell,* 430 Pa. 443, 447, 243 A. 2d 381, 383 (1968); *Commonwealth v. Faison,* 437 Pa. 432, 442-43, 264 A. 2d 394, 399 (1970).

The Commonwealth's final contention is that the hearing court erred in granting appellee a new trial so that the speedy trial claim could be heard by way of a motion to quash the indictment. We agree with the Commonwealth that this relief was improper. If appel-

---

[3] In *Smith* we reversed the conviction and discharged the appellant on the ground that his due process right to adequate and timely notice was violated. This right is not asserted in the instant case.

198

lee was denied his right to a speedy trial, he needs no new trial; if he was not denied this right, a new trial would not be warranted. The hearing court ordered a new trial because it felt that there was no other way to hold an evidentiary hearing in conjunction with post-trial motions. Since the date of the hearing court's order, however, we have made clear that evidentiary hearings may properly be conducted in connection with post-trial motions. See *Commonwealth v. Lowery*, 438 Pa. 89, 263 A. 2d 332 (1970); *Commonwealth v. Musser*, 437 Pa. 131, 262 A. 2d 678 (1970). All parties being agreed that further evidence must be taken to determine appellee's claim, the case must therefore be remanded for the holding of an appropriate evidentiary hearing. If the court determines that appellee's right to a speedy trial was violated, it shall then enter an order discharging appellee. If the court finds that appellee's right was not violated, it shall deny the post-trial motion and appellee may, if he so desires, proceed with his direct appeal.

The order of the Court of Common Pleas, Trial Division, of Philadelphia, granting a new trial is vacated and the case remanded for further proceedings consistent with this opinion.

Mr. Justice JONES and Mr. Justice POMEROY concur in the result.