## Commonwealth v. Alger

*Robert C. Reed,* Asst. District Attorney, for Commonwealth.

*George E. James,* for defendant.

ROWLEY, J., February 18, 1971.—Although he is represented by counsel, defendant has filed a document, obviously prepared by himself, which he has

entitled "Affidavit In Support of Motion for Dismissal of Indictment—Failure to Bring Defendant to Trial Next Term."[1] Defendant's "Affidavit" was filed in the office of the clerk of courts on December 28, 1970. A rule was issued on the Commonwealth to show cause why the motion should not be granted. On January 15, 1971, the District Attorney of Beaver County filed an answer to defendant's "Affidavit." On January 25, 1971, defendant's counsel and an assistant district attorney appeared before the court for argument. An examination of defendant's "Affidavit" indicates that he is claiming relief: (1) under the Act of June 28, 1957, P. L. 428, 19 PS §881, et seq.; (2) under the so-called "two-term rule;" (3) on the ground that his trial in March of 1970 constituted "former jeopardy;" and (4) by implication, under his sixth amendment right to a "speedy trial." A review of the record discloses that defendant is not entitled to relief at this time.

The record discloses that on October 22, 1969, defendant was indicted by the grand jury at the above-captioned number on charges of burglary, larceny and receiving stolen goods, in connection with the theft of goods and money having a total value of approximately $5,808 from the Monaca High School, Monaca, Beaver County, Pa. On November 19, 1969, an assistant public defender entered an appearance for defendant. In Beaver County, sessions of criminal trials are held in March, June, September and December of each year. Defendant was not tried on the

---

[1]Defendant's "Affidavit" is captioned no. 723 of 1969. Defendant was indicted at no. 723 of 1969 on charges of burglary, larceny and receiving stolen goods. However, after a trial before a jury, he was found not guilty on December 9, 1969. Defendant's "Affidavit," however, refers to a mistrial in March of 1970, which did occur, as will be seen, in the above-captioned case at no. 711 of 1969.

above-entitled indictment in December of 1969.[2] On January 29, 1970, defendant filed a motion to suppress evidence which was denied on February 5, 1970, after a hearing. On March 16, 1970, defendant was brought to trial on the above indictment before the Hon. Frank E. Reed, President Judge, specially presiding, and a jury. During the afternoon session of the trial, Judge Reed granted the motion of defendant's counsel for a mistrial. Defendant, who had been in custody, on these and other charges, in the Beaver County Jail since September 10, 1969, was returned to the jail following his mistrial. On April 26, 1970, he successfully escaped from the county jail. Subsequently, defendant was apprehended by the FBI in Ohio and returned to Pittsburgh, Pa., to face a Federal charge of "transporting forged securities." On January 20, 1971, he was finally sentenced by a judge of the United States District Court for the Western District of Pennsylvania to a 10-year term of imprisonment. As indicated, defendant's "Affidavit" which is before us for disposition and which was dated December 14, 1970, was received in the office of the clerk of courts on December 28, 1970, prior to the termination of the Federal proceedings in Pittsburgh. It is also appropriate to note that by Local Rule of Court No. 17.10, effective January 1, 1969, there are four terms of court, which are as follows: the winter term commencing the first Monday of January and continuing to the first Monday of April; the spring term commencing the first Monday of April and continuing to the first Monday of July; the summer term commencing on the first Monday of July and continuing to the first Monday of October; and the autumn term commencing the first Monday of October and continuing to the first Monday of the following January.

[2]As noted, however, defendant was tried and acquitted at the December 1969 session on a charge of burglary at no. 723 of 1969.

Defendant's claim for relief under the so-called "two-term rule" is based upon section 54 of the Act of March 31, 1860, P. L. 427, as amended December 1, 1959, P. L. 1671, 19 PS §781. However, the discharge of a defendant authorized by the Act of 1860 is a discharge from imprisonment or confinement only and does not constitute a release from subsequent prosecution and trial: Commonwealth v. Moncak, 375 Pa. 559 (1954). Obviously, we could not grant relief from imprisonment to defendant at this time, since he is now confined in a Federal penitentiary under a sentence of the United States District Court. Moreover, where a delay in bringing the case to trial is due to the accused's actions or conduct, he is not entitled to a discharge under the Act of 1860: Commonwealth v. Petrisko, 432 Pa. 250 (1968). In this case, defendant's conduct in escaping from the Beaver County Jail effectively prevented his trial within the period required by the Act of 1860. Therefore, any failure to try him within that time period was due solely to his own voluntary conduct.

Defendant also seeks to have the indictment dismissed under section 2 of the Act of June 28, 1957, P. L. 428, 19 PS §882. Under section 2 of the act, a defendant is entitled to an order dismissing the indictment with prejudice if he is not brought to trial by the Commonwealth within 180 days after he gives written notice to the district attorney and the court of his request for final disposition. It is to be noted, however, that a written notice from defendant to the district attorney and the court are a prerequisite to the commencement of the running of the 180-day period. In this case, no such written notice was filed by defendant. Even accepting his "Affidavit" which is now before us as such a notice, it was not filed until December 28, 1970, and the 180 days have not expired. In addition, the statute applies only to persons who have

entered upon a "term of imprisonment" pursuant to a conviction: Commonwealth ex rel. DeMoss v. Cavell, 423 Pa. 597 (1967). In this case, defendant was in custody in the Beaver County Jail from September 10, 1969, until the date of his escape on April 26, 1970. At no time during this period was he confined as a result of a conviction. He was in custody due to his failure to post bail in either this case or other pending cases. Finally, the statute, by its express terms, only applies to "any person" who has "entered upon any term of imprisonment in any State, county or municipal penal or correctional institution of this Commonwealth." Defendant is not presently confined in any State, county or municipal penal or correctional institution of this Commonwealth. Rather, he is confined in a United States Penitentiary pursuant to a sentence of the United States District Court. Thus, the Act of 1957 affords no relief to defendant.

The due process clause of the fourteenth amendment to the Federal Constitution makes obligatory upon the States the sixth amendment standards governing speedy trials for persons accused of crime: Klopfer v. North Carolina, 386 U. S. 213 (1967). However, the right to a speedy trial is relative and depends upon the attendant circumstances. While it secures rights to a defendant, it does not preclude the right of public justice. In determining whether a delay is a violation of an accused's constitutional right, the court must consider: (1) the source of the delay; (2) the reasons for it, and (3) whether the delay has prejudiced any interests protected by the Constitution: Dickey v. Florida, 398 U. S. 30, 90 S. Ct. 1564, at page 1574, (1970).

Applying those tests in this case, we have concluded that defendant's constitutional right to a speedy trial has not at this time been violated. The first term of criminal court following defendant's indictment was

in December of 1969. He was not tried on this charge at that time. However, he was tried on another burglary charge before the jury panel which was then present. It could well be that bringing defendant to trial during that particular term on the present charge before the same panel would have been prejudicial to his right to a fair and impartial trial at that time. The next criminal term was in March of 1970 and defendant was brought to trial at that time. However, during the trial his counsel moved for a mistrial and the motion was granted by the trial judge. Following that term, the next term was June of 1970. However, as indicated, defendant escaped from the Beaver County Jail on April 26, 1970, and following his subsequent apprehension by the FBI has been in constant Federal custody. During that period of time, Federal charges were pending against him and have, as we indicated, just recently been disposed of by a sentence of the United States District Court. Under these circumstances, we cannot say that the delay, which is due to defendant's own voluntary act, is unreasonable. Rather, as of the present time, we are of the opinion that there has been no unreasonable delay and defendant is not entitled to relief on this ground.[3]

Finally, defendant, in the ninth paragraph of his "Affidavit" states that "Judgment of Mistrial Unconstitutional and is considered 'former jeopardy.'" The mere fact that a defendant has been placed on trial does not preclude reprosecution if the trial fails to terminate in a verdict. This view is consistent with the standards required by the Constitution of this Commonwealth and the Federal Constitution: Commonwealth ex rel. Montgomery v. Myers, 422 Pa. 180

---

[3] This conclusion does not preclude future relief in the event the Commonwealth fails to act appropriately to bring defendant to trial after having been notified, by these proceedings, that defendant desires to be tried on these charges.

(1966). A retrial is permissible where the particular circumstances in the case create no danger of successive oppressive prosecutions. Where the failure to terminate the trial by a verdict is not the responsibility of the Commonwealth, but on the contrary is at the request of the accused himself, he then has no standing to complain about "double jeopardy." Also see Commonwealth v. Wright, 439 Pa. 198 (1970). In United States v. Jorn, 400 U. S. 470, 8 Cr. L. the United States Supreme Court, in an opinion handed down January 25, 1971, said, at page 485:

"Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."

The mistrial in this case was granted at defendant's request. It occurred while the prosecuting police officer was on the stand. The officer, in an answer which was not responsive to a question by defendant's counsel, volunteered a statement by one of defendant's codefendants that this defendant had a "past record." Defendant's motion to declare a mistrial was then granted by the trial judge. The officer's statement, though erroneous, does not constitute "prosecutorial or judicial overreaching." Therefore, defendant's motion for a mistrial removes any barrier to his future reprosecution.

For these reasons, we make the following

## ORDER

Now, February 18, 1971, defendant's "Affidavit" or "Motion for Dismissal" is dismissed, and the prayer thereof is refused.