**Commonwealth v. Fox**

*Allen E. Ertel*, for Commonwealth.

*John A. Felix*, for defendant.

WOOD, J., August 20, 1971.—Defendant seeks release on bail under the provisions of the Act of March 31, 1860. P. L. 427, sec. 54, as amended, 19 PS §781. He was arrested on May 26, 1970, and committed to Lycoming County Prison on a general charge of murder. An indictment was approved on August 3, 1970, but defendant has not been brought to trial. The

matter is now before this court on a petition to set bail.

The act provides, inter alia, that if "any person shall be committed for treason or felony, or other indictable offense and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where such offense is properly cognizable . . . after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term . . . to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not be produced; and if such prisoner shall not be indicted and tried the second term . . . after his or her commitment . . . unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment."

The act's reference to "term" has been interpreted to mean fixed, full terms of court: Commonwealth v. Moncak, 375 Pa. 559 (1954). Thus, since the petitioner was committed during the May 1970 term of this court, the first full term to expire after his commitment would have been the September term of court, 1970. Petitioner was not tried during the September term, nor was he tried during the November 1970 term or January 1971 term. As a result, three full terms have passed since his commitment in 1970 under this statute.

The only limitation on the mandate that there be a release on bail is that pertaining to the impossibility of the Commonwealth producing its witnesses. Were this an application for discharge under the second clause of the statute, the court would be compelled to

consider whether the delay occurred "on the application or with the assent of the defendant." However, we believe that the act cannot be construed to involve delays caused by defendant where the petition is for release on bail. There are several reasons for our conclusion. First, and most important, the act as originally enacted in 1785 was intended to prevent unnecessary and oppressive imprisonment pending trial: Commonwealth v. Seevers, 26 D. & C. 344 (1936). Further, in the original Act of February 18, 1785, 2 Sm. L. 275, entitled an "Act for the better securing personal liberty and preventing wrongful imprisonments," section 1 stated:

". . . personal liberty is a principal blessing derived from free constitutions of government, and certain methods of proceeding should be proscribed, so that all restraints thereof may be easily and speedily redressed . . ."

The Act of 1785 and the Act of 1860 are virtually the same as to release on bail after one term; each contained the limitation regarding Commonwealth witnesses. Also, each contains the limitation of delays caused or assented to by defendant relating to the "two-term rule" providing for discharge.

Secondly, the manifest legislative intent as to release on bail is that there be such a release whenever one term has passed without defendant being "indicted and brought to trial."

Thirdly, had the legislature intended that dilatory actions of defendant be a limitation on the allowance of release on bail, an express provision could have been incorporated. It should be noted that the act has been amended twice without any change in this respect.

The Commonwealth has raised no issue regarding the production of its witnesses.

## ORDER

And now, August 20, 1971, the prayer of petitioner is granted. Bail shall be in the amount of $25,000.