## Commonwealth v. McCarraher

*W. Robert Landis*, for Commonwealth.

*Michael McShane*, for defendant.

KENT, J., June 1, 1973.—This matter is before the court on petitioner's application for discharge from custody pursuant to the provisions of the Act of March 31, 1860, P. L. 427, sec. 54, as amended, 19 PS §781, the so-called "two term rule." The agreed facts establish that petitioner has been in custody at the Chester County Farms Prison since January 20, 1973. To date, June 1, 1973, he has not been tried notwithstanding his written request for trial received by the district attorney on February 7, 1973. The district attorney admits the foregoing facts but avers, in his answer, that the transcript was not received until March 2, 1973, by reason whereof the case could not be listed for trial prior to the June session of court.

In pertinent part, the statute provides:

"If any person shall be committed for . . . indictable offense . . . and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment . . . he shall be discharged from imprisonment."

The statutory reference to "term, session or court" has been held to refer to the terms fixed by court pursuant to statutory authorization: Commonwealth v. Moncak, 375 Pa. 559 (1954); Commonwealth ex rel. Burton v. Frame, 17 Chester 42 (1969). Rules of court presently in effect provide for five terms commencing on the fourth Monday in January, the second Monday in March, the third Monday in May, the third Monday in September, and the fourth Monday in December. It, therefore, appears that petitioner was incarcerated during the December term of 1972 and has remained in incarceration throughout the entirety of the January and March terms of 1973 without trial.

Numerous exceptions exist to the application of the two-term rule. The act itself provides that where the delay happens on the application or with the assent of defendant, its provisions are not applicable. Such is not the instant case. As noted in the Moncak case, supra, a case is taken out of the statute when trial is impossible because of rules of law, by an act of God, by the wrongful act of defendant, and when defendant has been a fugitive. None of these circumstances obtains in the instant case. The Commonwealth asserts, and petitioner does not deny, that the transcript was not received until March 2, 1973. No explanation was offered for the delay in the handling of the transcript. Nor was there any explanation offered for the failure to bring defendant to trial since the receipt of the transcript, notwithstanding the fact that a grand jury session was convened on March 12, 1973, and a session of jury trials on April 9, 1973. At argument, the

46

assistant district attorney made reference to the practical difficulties created by the volume of cases coming into that office, but no evidence thereof was offered.

On this state of the record, we find the provisions of the Act of Assembly applicable and, accordingly, enter the following

ORDER

And now, June 1, 1973, the prayer of the petition heretofore filed is granted and it is ordered that defendant, Raymond McCarraher, be discharged from custody forthwith.