Opinion by
 

 Baldrige, J.,
 

 The appellant was convicted of failure to support his child born out of wedlock and was sentenced to pay $2.50 per week for its support and maintenance. The prosecution was brought under section 732 of the Act of June 24, 1939, P. L. 872, 18 PS §4732, which provides that all prosecutions, with certain exceptions with which we are not here concerned, “must be brought within two (2) years of the birth of the child.”
 

 The child in question was born June 11, 1938. Information was filed before a justice of the peace June 7, 1940, and the bill of indictment was returned by the grand jury October 8, 1940. The appellant takes the position that as the indictment was returned more than two years after the birth of the child the judgment entered against him is illegal. He relies chiefly on
 
 Commonwealth v. Haas,
 
 57 Pa. 443, where there was under consideration section 77 of the Act of March 31, 1860, P. L. 427, 19 PS §211, which provides that “...... all indictments and prosecutions ...... for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such ...... misdemeanor shall have been committed.” Mr. Justice Sharswood, speaking for the court, in the course of his opinion stated that prosecution and indictment in that statute are used synonomously and he significantly points out that while an indictment is a prosecution, the word prosecution has a larger signification than indictment. It will be noted that in section 77 not only a prosecution but an indictment shall be “brought or exhibited within two years.” Section 732 of the Act of 1939, supra, is entirely silent as to when an indictment must be found. It provides only that the prosecution must be commenced within two years, but does not require that an indictment, which is a step in a prosecution toward final judgment, should be found within that period.
 

 
 *555
 
 This prosecution was instituted upon a complaint made under oath or affirmation of the parent of the child, and the swearing out of a warrant. When that was done the prosecution had been brought, or commenced.
 

 In 22 C. J. S. 364, §234, it is stated: “The finding of an indictment or the filing of an information ordinarily under the various statutes is a sufficient commencement of a prosecution to prevent the running of the statute of limitations,......”
 

 We are of the opinion that the statute of limitations does not operate in favor of this defendant as the prosecution, as provided in the statute, was started within two years of the birth of the child.
 

 Judgment of the court below is affirmed.