Commonwealth ex rel. Patterson *v.* Ashe, Warden.

OPINION BY KELLER, P. J., March 3, 1944:

The relator pleaded guilty to a "district attorney's bill", prepared under the Act of April 15, 1907, P. L. 62, as amended by Act of June 15, 1939, P. L. 400, charging him with the larceny of an automobile two years and six months prior thereto. He seeks in this proceeding to be discharged from the sentence of imprisonment imposed under said plea on the ground that he was sentenced without indictment found, on a plea entered more than two years after the commission of the crime: Section 77 of the Act of March 31, 1860, P. L. 427, as amended by Act of April 6, 1939, P. L. 17.

Section 77 of the Criminal Procedure Act aforesaid contains a proviso that the limitation of two years, within which a bill of indictment shall be brought or exhibited, shall not apply if the defendant shall not have been an "inhabitant of this state or usual resident therein during the said respective terms for which he shall be subject and liable to prosecution as aforesaid", in which event, "such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall

be an inhabitant of, or usually resident within this state."

It is well settled that it is not *essential* to aver in an indictment, found more than two years after the perpetration of such an offense, the facts relied upon to bring the case within the terms of the proviso to section 77 aforesaid: *Blackman v. Com.*, 124 Pa. 578, 17 A. 194; it is sufficient if the Commonwealth offers on the trial evidence of facts from which, in the absence of evidence on the part of the defendant as to his residence, the jury may fairly infer that he was not an inhabitant or usual resident of this state during the period in question: *Com. v. Bates et al.*, 1 Pa. Superior Ct. 223, 232, 233 (RICE, P. J.) ; *Com. v. Weber*, 67 Pa. Superior Ct. 497, 504, 505. It would follow that the defendant may plead guilty to such an indictment, in which event, no testimony on behalf of the Commonwealth as to the absence of the defendant from the state would be required, and the limitation would, in effect, be waived by his plea. There are some lower court authorities which hold that while the limitation need not be specially pleaded by the defendant, (*Com. v. Ruffner*, 28 Pa. 259), the point must be raised before verdict, or it will be cured: *Com. v. Alsop*, 6 Phila. 371, 380, 381, 1 Brewster Reps. 328, 346; *People v. Brady*, 13 N. Y. Supp. 2d 789. See also, *People v. Blake*, 106 N. Y. Supp. 319, affirmed 193 N. Y. 616, 86 N. E. 1129.

If the defendant may enter a valid plea of guilty to an *indictment found* more than two years after the commission of the offense, there is no substantial reason why, if he committed the offense, he may not plead guilty to a "district attorney's bill", without indictment found, under like circumstances.

The rule to show cause why a writ of habeas corpus should not issue is discharged and the petition is denied.