## Commonwealth *v.* Boyer, Appellant.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leon Ehrlich*, with him *Samuel R. Liever*, for appellant.

*John V. Boland*, Assistant District Attorney, with him *John E. Ruth*, District Attorney, for appellee.

OPINION BY DITHRICH, J., November 14, 1950:

Defendant was convicted of willful neglect to support a child born out of lawful wedlock. A true bill was

returned on September 6, 1949. When the case came on for trial counsel for defendant moved to quash the indictment on the ground that it showed on its face that, more than two years having elapsed between the birth of the child and the return of the grand jury, the prosecution was barred by the statute of limitations. The motion was overruled and defendant then entered a plea of not guilty.

No notes of testimony were taken. The following facts appear in the opinion of the court below. The child was born May 23, 1946. Prosecutrix testified that she was married to one other than defendant at the time of the child's conception; that from June, 1945, to December, 1945, she and defendant had sexual relations approximately twice weekly; that defendant continued to visit her after the birth of the child; that in December, 1947, when confronted with the charge of paternity, defendant wrote prosecutrix an unsigned letter, admitted in evidence, suggesting a meeting for the settlement of their differences; that at Christmastime, 1948, he gave a doll and other toys and candies to the child; that in February, 1949, he called at a hospital where the child was confined with illness and gave prosecutrix $25 toward the expenses incident to that illness.

The mother of prosecutrix, with whom prosecutrix resided, testified that the prosecutrix's husband was in the service, stationed in Oklahoma, on and after June 12, 1945, and had not been home since that date; that in August, 1945, defendant agreed in her presence to marry prosecutrix if she would divorce her husband; that defendant visited her home two or three times weekly, often staying overnight and sleeping with prosecutrix, and that she, the witness, frequently prepared breakfast for him following such visits; that in February, 1949, at the hospital, she was shown, in defend-

ant's presence, the $25 contributed by him to prosecutrix.

The brother of prosecutrix testified that he lived in his mother's home from June to December of 1945 and at no time saw prosecutrix's husband; that during that period defendant called upon prosecutrix about three times a week and remained all night; that he heard defendant, at a hearing on a charge of fornication and bastardy, promise to marry prosecutrix after she had obtained a divorce and that the charges were thereupon withdrawn.

At the completion of this testimony counsel for defendant demurred. The demurrer was overruled. Defendant took the stand and made full denial of all the evidence presented against him. The jury found him guilty.

Defendant seeks a new trial on the grounds (1) that the prosecution was barred by the statute of limitations; (2) that it was error to permit prosecutrix to testify to the nonaccess of her husband; (3) that the evidence of nonaccess was insufficient to overcome the presumption of legitimacy; (4) that the evidence of illicit intercourse and of contribution by defendant to the support of the child was insufficient for submission to the jury.

The prosecution was brought under the Act of June 24, 1939, P. L. 872, §732, 18 PS §4732, which provides in part: "All prosecutions under this section must be brought within two (2) years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two (2) years of any such contribution or acknowledgment by the reputed father."

The indictment in this case, drawn more than two years after the birth of the child, contained no averment

of either contribution or acknowledgment by the reputed father. It is defendant's contention that the indictment is therefore fatally defective, and that the motion to quash should have been sustained.

There is no Pennsylvania appellate court decision directly in point. However, in *Commonwealth v. Horanic*, 28 Erie 64, it was held, following *Commonwealth ex rel. Patterson v. Ashe*, 154 Pa. Superior Ct. 397, 36 A. 2d 249, that it was not essential to aver in an indictment, found more than two years after the birth of the child, contribution to the support of the child or acknowledgment in writing of the paternity of the reputed father. Contra: *Commonwealth v. Ferkile*, 42 Lack. Jur. 61, and *Commonwealth v. Lutchko*, 30 Luz. L. Reg. Rep. 163.

In *Commonwealth v. Teeter*, 163 Pa. Superior Ct. 211, 60 A. 2d 416, where we held (p. 213) that "A prosecution is 'brought' in compliance with the Act when an information under oath is filed, as in this case, within two years after the birth of the child," we said by way of obiter (p. 214): "It is established by the verdict that defendant 'voluntarily contributed to the support of the child' and since the prosecution was brought within two years of the last of such contributions the action is timely also on that ground, under the statute." In that case the indictment did not aver contribution.

In *Commonwealth ex rel. Patterson v. Ashe*, supra, a district attorney's bill charged the defendant with the larceny of an automobile more than two years prior thereto. Although in that case the limitation was not, as it is here, a part of the statute under which the prosecution was brought, we feel that there is no material difference between the two cases, and that what we said there may be stated with equal force in the instant case. We there said (p. 398): "It is well settled that it is not *essential* to aver in an indictment, found

more than two years after the perpetration of such an offense, the facts relied upon to bring the case within the terms of the proviso to section 77 aforesaid [§77 of the Criminal Procedure Act of March 31, 1860, P. L. 427, as amended by the Act of April 6, 1939, P. L. 17] : Blackman v. Com., 124 Pa. 578, 17 A. 194; it is sufficient if the Commonwealth offers on the trial evidence of facts from which, in the absence of evidence on the part of the defendant as to his residence, the jury may fairly infer that he was not an inhabitant or usual resident of this state during the period in question: Com. v. Bates et al., 1 Pa. Superior Ct. 223, 232, 233 (RICE, P. J.) ; Com. v. Weber, 67 Pa. Superior Ct. 497, 504, 505."

In the *Blackman* case the Supreme Court said (p. 581) : "In a case where the statute may be interposed, and the commonwealth alleges the defendant comes within the exception to the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. We do not regard this as essential, however, and we would be exceedingly loth to reverse for such a technical reason after a trial and conviction upon the merits." Here the evidence both of paternity and of contribution was ample to sustain the conviction.

Appellant also seeks a new trial on the ground that it was error to permit prosecutrix to testify to the fact of nonaccess of her husband. We repeat, no notes of testimony were taken; but, assuming that prosecutrix was permitted to so testify, that alone would not entitle defendant to a new trial since there was additional competent evidence of the fact provided by prosecutrix's mother and brother. "Had the case rested upon the evidence of the woman alone, I should have been decidedly for a new trial; but it appears to me, that without her testimony, the jury would have been warranted in concluding that there had been no access": Chief Justice

22

TILGHMAN speaking for the Court in *Commonwealth v. Shepherd,* 6 Binn. 283, 288. See also *Commonwealth v. DiMatteo,* 124 Pa. Superior Ct. 277, 188 A. 425. The additional testimony was sufficient to rebut, beyond a reasonable doubt, the presumption of legitimacy. That is all the Commonwealth was required to do. It was not required to exclude absolutely the possibility of access. *Commonwealth v. Barone,* 164 Pa. Superior Ct. 73, 63 A. 2d 132; *Commonwealth v. Levandowski,* 134 Pa. Superior Ct. 477, 4 A. 2d 201.

Judgment affirmed.