Commonwealth *v.* Russo, Appellant.

Submitted June 13, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis C. Glasso,* for appellant.

*Earle T. Adair,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

Opinion by Wright, J., September 11, 1958:

Guy Russo was convicted and sentenced in the Court of Quarter Sessions of Allegheny County, inter alia, on two charges of obstructing justice. Upon appeal to this court the judgments of sentence were affirmed. See *Commonwealth v. Russo*, 177 Pa. Superior Ct. 470, 111 A. 2d 359. Our decision in this regard was subsequently affirmed by the Supreme Court. See *Commonwealth v. Russo*, 388 Pa. 462, 131 A. 2d 83. Russo's present counsel thereafter presented in the court below motions in arrest of judgment nunc pro tunc, upon which rules were granted. Following argument before the court en banc, the rules were discharged and the motions in arrest of judgment were dismissed. Russo has appealed.

Appellant's counsel states the question involved on this appeal to be as follows: "Where it appears, after pleas of not guilty, that convictions for the common law offense of obstructing justice were secured on indictments which on their face clearly show that the statute of limitations barred the prosecution, and, in appeals from such convictions, neither the Superior Court nor the Supreme Court of Pennsylvania passed upon the propriety of such convictions, can not the defendant now raise the bar of the statute of limitations by proceeding nunc pro tunc?"

Neither at his trial below nor in this court on appeal did appellant raise any question as to the statute of limitations. We are in accord with the position of the lower court that appellant's present attempt to raise this question comes entirely too late. In *Commonwealth v. Alsop*, 6 Phila. 371, it was held that the defense of the statute of limitations may not be withheld until after verdict. This case was cited by President Judge Keller in *Commonwealth ex rel. Patterson v. Ashe*, 154 Pa. Superior Ct. 397, 36 A. 2d 249, as

authority for the proposition that "the point must be raised before verdict, or it will be cured".

It should be further noted that appellant's trial counsel belatedly attempted to raise the question of the statute of limitations in his petition for leave to appeal to the Supreme Court. While the appeal was allowed, as previously indicated, appellant's convictions for obstructing justice were affirmed. Counsel for appellant argues that the opinion of the Supreme Court does not "deal with or discuss or dispose of this error". Our intepretation of such circumstance is that it is equivalent to a rejection of the contention. See *Commonwealth v. Carr*, 137 Pa. Superior Ct. 546, 10 A. 2d 133.

The orders of the court below are affirmed.

WOODSIDE, J., did not participate in the consideration or decision of this case.