## Commonwealth ex rel. Smith *v.* Patterson, Appellant.

Argued November 16, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*William J. Toy,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Frank E. Gilbert* and *Arlen Specter,* Assistant Dis-

trict Attorneys, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 8, 1963:

The defendant was convicted and sentenced for wilful neglect to support a child born out of lawful wedlock, under the provisions of the Act of June 24, 1939, P. L. 872, §732, 18 P.S. §4732. The Superior Court affirmed the judgment: *Commonwealth ex rel. Smith v. Patterson*, 197 Pa. Superior Ct. 538, 179 A. 2d 233 (1962). We granted allocatur.

The child was born May 19, 1951. The mother signed an affidavit of complaint on August 1, 1951. At that time, the defendant was in the armed forces. He was discharged December 31, 1952. Shortly thereafter, he visited the prosecutrix, but nothing was said about the pending proceeding. At all times thereafter, he was within the jurisdiction and his whereabouts known to the prosecutrix. No action was taken on the complaint until the defendant was summoned to a preliminary hearing on September 19, 1959. This was the first inkling or notice given the defendant that such a prosecution was pending.

Subseqently, the defendant waived an indictment by a grand jury and entered a plea of not guilty. A trial ensued on April 23, 1961. The verdict, guilty. Motion in arrest of judgment was denied.

Article I, Section 9, of the Pennsylvania Constitution provides that, "In all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage . . ." This is a very precious right and a basic concept of our system of justice. A delay for a long lapse of time may, under certain circumstances, render a fair and impartial trial impossible. See, *U. S. v. Chase*, 135 F. Supp. 230 (E.D. Ill. 1955). It has been correctly held that this consti-

tutional guarantee in the Pennsylvania Constitution does not, in itself, warrant anything beyond a discharge from imprisonment where indictment or trial is delayed: *Commonwealth v. Mitchell,* 153 Pa. Superior Ct. 582, 34 A. 2d 905 (1943); aff'd 349 Pa. 559, 37 A. 2d 443 (1944); *Commonwealth ex rel. Graham v. Myers,* 194 Pa. Superior Ct. 561, 168 A. 2d 796 (1961).

In this case, however, the defendant was not only denied a trial within a reasonable time without any apparent justifiable reason, but *more importantly, he was deprived of any notice of the filing of the complaint and issuance of a warrant for a period of over eight years after the proceedings were instituted.* This is not due process under the Constitution of the United States, which requires adequate and timely notice plus an opportunity to properly defend. See, *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Co.,* 373 Pa. 105, 95 A. 2d 664 (1952); *Narehood v. Pearson,* 374 Pa. 299, 96 A. 2d 895 (1953); *Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745 (1950); *Alpha Club of West Philadelphia v. Pa. Liquor Control Board,* 363 Pa. 53, 68 A. 2d 730 (1949); *Taylor v. U. S.,* 238 F. 2d 259 (D.C. Cir. 1956). Nor is it justice fairly administered. The inexcusable and prolonged delay, beyond question, seriously prejudiced the defendant's right and opportunity to properly prepare a defense.

The lower courts took the position that the defendant elected to go to trial on the merits and waived any requirement of timely notice and a speedy trial by failing to move to quash the indictment, citing *Commonwealth v. Smihal,* 182 Pa. Superior Ct. 232, 126 A. 2d 523 (1956). Under the circumstances disclosed in the record, we cannot agree.

Before trial, defendant's counsel moved to nolle pros. the indictment. Undoubtedly, the proper legal motion should have been to quash the indictment. However, the law is not so rigid as to base a deprivation

of constitutional prerogatives upon a mere unfortunate choice of legal terminology by defense counsel. As noted before, the essential elements of due process are adequate and timely notice, plus an opportunity to properly defend. In determining whether such fundamental rights are denied, we must look at the substance of things rather than mere form. See, *Simon v. Craft*, 182 U. S. 427 (1901), and *Alpha Club v. Penna. Liquor Control Board*, supra. As stated in *Johnson v. Zerbst*, 304 U. S. 458 (1938), " '. . . courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and . . . 'do not presume acquiescence in the loss of fundamental rights.' "

The order affirming the judgment of conviction and sentence is reversed. The defendant is ordered discharged.