Commonwealth ex rel. Cheeseman *v.* Biedrzycki,
Appellant.

Argued March 20, 1964. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*Jesse N. Goldstein,* for appellant.

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 12, 1964:

Biedrzycki was convicted of failing to support a child born out of lawful wedlock and sentenced to pay the costs of prosecution and $12 weekly for support of the child. He appealed, contending that the court erred in not granting his motion in arrest of judgment.

The child was born December 4, 1953. The defendant acknowledged paternity and made payments for his support until June 1954. On January 23, 1956, within the two year period following the last alleged support payment, the prosecutrix filed an affidavit with the Municipal Court of Philadelphia (now the County Court) charging the defendant with failing to support the child. No warrant was issued and there is no evidence that the defendant was notified of the affidavit or knew of its existence until 1963.

The defendant testified that during this period he resided in the Philadelphia area, and was employed by Philco. A letter written by County Court officials to Philco in 1959 was returned saying the defendant "separated from our employment 5-12-52." The defendant explained this by saying that he was laid off for a time and then changed divisions but that except for a brief period, he worked for Philco from October 1950 to the time of the trial.

No warrant was ever issued but the defendant appeared February 26, 1963, and signed an appearance slip for a preliminary hearing which was held the following month when he was held under $500 bail pending trial. He waived indictment on the assurance of the court that doing so would not constitute a waiver

of his right to move to quash on the ground of delay. At the opening of the trial on April 23, 1963, the defendant orally made such motion. It was overruled and he was tried before a jury and convicted. Following his conviction he filed a motion in arrest of judgment.

A comparison of the facts of this case with the facts passed upon in *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A. 2d 278 (1963), will show no distinguishing characteristics. The Supreme Court there held that the delay in notifying the defendant of the charge and bringing him to trial under circumstances quite similar to those here involved constituted a violation of his constitutional rights. See Article I, Section 9 of the Pennsylvania Constitution. That case rules the matter before us.

Judgment of sentence is reversed, the order of support is vacated and the defendant is discharged.

ERVIN and WRIGHT, JJ., would affirm on the opinion of Judge SPAULDING for the court below.