## Commonwealth v. Musselman

*Oscar F. Spicer,* Assistant District Attorney, for Commonwealth.

*Robert W. Geigley,* for defendant.

MacPHAIL, P. J., May 11, 1972.—In this case, defendant was indicted on a charge of failing to support a bastard child. After a nonjury trial, defendant was found guilty as charged. Post trial motions in the nature of a motion in arrest of judgment and a motion for new trial were timely filed by defendant.

From the evidence, it appears that Mabel Frances Wetzel, an unmarried female, gave birth to a male child on August 29, 1961. The mother and defendant were going together in February and March of 1961. The mother said the child was conceived in February 1961, and that she named defendant as the father of the child on the birth certificate. Defendant was unmarried until September 13, 1971. The mother testified, and defendant did not deny, that defendant paid the hospital bills with respect to the birth of the child. She further testified that since the birth of the child, defendant had voluntarily paid $10 per week to her for the support of the child. Defendant did not deny that he gave money to the prosecutrix, but did not admit that he had paid $10 per week for the support of the child. The prosecutrix testified that on occasions when she was not at home when defendant brought his payment, he would leave the money with other persons living with or near the prosecutrix. Witnesses corroborated the prosecutrix's testimony in this regard. The prosecutrix also testified that when

defendant was late making his payment that he would call her and tell her that he would be in with the payment at some later date. She said she received no money from him since August 1971. Defendant admitted giving the prosecutrix money as late as July and August of 1971. Defendant testified that he told the prosecutrix when he learned that she was going to have a child that he "didn't think" he was the father. But he also said that he "wasn't sure" if the baby was his or not. At the trial, he testified that he "couldn't say" that he gave money to the prosecutrix because he was the father of the child. He did not deny sending greeting cards, which were offered in evidence, to the boy as his "son." Defendant made no payments to the prosecutrix after he was married in September of 1971.

From this evidence, we were satisfied at the time of trial and we are satisfied now that the Commonwealth has sustained its burden of proof that defendant was the father of the child and that the father had neglected to make payments for the support of the child after August of 1971. Defendant contends, inter alia, that the within action was brought after the statute of limitations had expired and that the passage of such a long time after the crime was committed makes the present prosecution unconscionable and in violation of defendant's constitutional rights.

Section 732 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4732, provides that all prosecutions brought under the provisions of the statute for failure to contribute reasonably to the support and maintenance of a child born out of wedlock must be brought within two years of the birth of the child, "except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case

a prosecution may be brought at any time within two (2) years of any such contribution or acknowledgment by the reputed father."

As we understand defendant's argument, he contends that since a prosecution under section 732 is predicated on the fact that defendant is the father of the bastard child and no charge was or could now be brought against defendant for fornication and bastardy, since the two-year statute of limitations for that crime has passed, the present prosecution must fail because the prosecutrix cannot prove that defendant is the father of the child. To put it another way, defendant argues that the prosecutrix cannot prove that he is the father of the child from testimony as to what occurred at or about the time of conception. Rather, defendant says, the prosecutrix can only prove defendant's guilt if she can prove a voluntary payment for the child's support or a written acknowledgment of paternity. This argument may be novel, but it certainly isn't tenable. Fornication and bastardy and failure to support a bastard child are two separate and different crimes: Commonwealth v. Dunnick, 204 Pa. Superior Ct. 58 (1964). The two crimes are intended to cover two entirely different situations, although there could be a factual situation in which either charge could be brought. The statute of limitations for a charge of fornication and bastardy is two years under the Act of March 31, 1860, P. L. 427, 19 PS §211, unless defendant is a nonresident of Pennsylvania. The statute begins to run on the date of the act of fornication is committed: Commonwealth v. Dunnick, supra. The statute of limitations for failure to support a bastard child is also two years, but is extended by virtue of the statutory language in section 732 to that period of time beginning when defendant fails to support the child. Defendant misconstrues the

purpose of the statutory language. In order to prevail in the present action, the Commonwealth must prove: (a) defendant is the father of a child born out of lawful wedlock; and (b) that defendant has willfully neglected to support the child. Once these two elements are established, *then* the question of the statute of limitations becomes relevant. Voluntary support payments are not used to prove defendant's paternity, rather to extend the time during which a prosecution may be brought *for failing to support the bastard child.* If the action is brought within the time limits imposed by the statute, it doesn't matter how long ago it was that the baby was conceived or born. See Commonwealth v. Boyer, 168 Pa. Superior Ct. 16 (1950). As was stated in Commonwealth v. Dunnick, supra at page 62: "Paternity of the child is an issue which must be proven by the Commonwealth in both cases, but in bastardy it is *the* issue while in failure to support a child born out of lawful wedlock *the* issue is the failure to support, which occurs not at the approximate time nor as the result of the fornication but at a time after the child is born, and as a result of the defendant's conduct thereafter."

Defendant argues that his payments to the prosecutrix were not voluntary because they were paid to avoid arrest. Defendant goes so far as to say that his payments were the result of blackmail on the part of the prosecutrix. What we must not lose sight of in this case is that the crime we are speaking about is the *failure to support a bastard child.* If one is the parent of a bastard child, the law requires that he support the child. If he doesn't support the child, he can be prosecuted. If he is prosecuted, his support payments thereafter are involuntary. If he makes payments not under court order, they are thereby rendered voluntary. This situation of voluntariness is in no way

comparable with confessions or admissions in criminal cases which defendant argues must control our thinking here. The obvious reason why any person would make payments to support an illegitimate child without a court order is to avoid the stigma and the penalties of an arrest. This is not duress. If one is not the father of the child, he does have the free choice to make no payments, in which event the court will then determine whether or not he should be paying for the support of the child. The obvious purpose of this statute is to encourage voluntary payments to avoid the necessity of court proceedings, but also it provides a remedy in the event defendant, as in the present case, decides to pay nothing further. To leave a child under such circumstances as a public charge or without any support whatsoever would be manifestly unjust.

Defendant also argues that the reason he made payments was because of the prosecutrix's promise to marry him, which she never did. None of the cases cited in defendant's brief support his argument that the promise of marriage makes support payments involuntary. Defendant also overlooks the fact that the legislature has said that the failure to support a bastard child is a *criminal act*. Whatever the reason may be as to why defendant voluntarily supported the child, the minute he stopped supporting that child, *that* is the criminal act for which a prosecution may be brought. Defendant's reliance on the comments of the court in Commonwealth v. Donovan, 29 Dist. 46 (1919), are completely misplaced because as noted in Commonwealth v. Jiminson, 13 D. & C. 422 (1929), also cited in defendant's brief, the legislature acted after the decision in the Donovan case to enact the very two year limitation about which defendant now complains.

Finally, defendant contends that the lapse of time between the birth of the child and the prosecution in this case is unconscionable and a violation of defendant's constitutional rights to a speedy trial. We can swiftly dispose of the first point by commenting that even if the prosecution is "unconscionable" (and we specifically hold that it is not), defendant would be without remedy in a criminal action as long as the Commonwealth had met its burden of proof under the statute, that the action was timely brought and that the constitutionality of the statute was not in question. Criminal courts are not courts of equity.

This brings us then to the question of defendant's right to a speedy trial. We must once again remind defendant that this action is not the same as a charge of fornication and bastardy. The gravamen of section 732 is the failure to support an illegitimate child, not the acts which led up to the birth of the child. The prosecution under section 732 could not be laid *until* defendant failed to support the child. Commonwealth ex rel. Smith v. Patterson, 409 Pa. 500 (1963), cited in defendant's brief, does not deal with the situation presented in the case now before us. In the Patterson case, the charge was laid eight years before a preliminary hearing was held, even though defendant was in the jurisdiction and available at all times for further proceedings. Also, defendant was never notified that the charge had been filed. The only similarity between that case and this one is that both charges were laid under section 732. In the present case, defendant failed to pay anything after August 1971. On September 8, 1971, the charge was laid. On September 17, 1971, defendant appeared before the issuing authority and waived the preliminary hearing. On January 17, 1972, defendant was indicted and his trial took place on February 8, 1972. If defendant hasn't

received a speedy trial in this matter, it is through no fault of the Commonwealth or the court, but more importantly we specifically hold that defendant's constitutional right to a speedy trial in the within matter has not been denied. We know of no cases and none have been cited for us which would indicate that five months lapse of time between the date the charge was laid and the time the case came to trial is not, in fact, a speedy trial.

## ORDER OF COURT

And now, May 11, 1972, defendant's post trial motions are denied and it is ordered that he appear for the imposition of sentence on May 16, 1972, at 9:30 a.m.