222 Pa. Superior Ct. 436 (1972)
Commonwealth ex rel. Kolodziejski
v.
Tancredi, Appellant.
Superior Court of Pennsylvania.
Argued June 12, 1972.
September 15, 1972.
*437 Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*438 N. Atkinson, Jr., with him Jack M. Myers, and Zack and Myers, for appellant.
John Mattioni, with him Mattioni, Mattioni & Mattioni, for intervenors, appellees.
OPINION BY HOFFMAN, J., September 15, 1972:
This is an appeal from the lower court's rescission of its order dismissing criminal charges against appellant for fornication, bastardy, and neglect to support a child born out of wedlock. Appellant contends that the lower court improperly rescinded its order dismissing criminal charges against him, and that any further criminal proceedings in this case would be barred by the applicable statute of limitations. We agree with appellant that his prosecution on the above charges is barred by the statute of limitations.
It should be noted that the record in this case is very confused, and that the time that certain events occurred has been omitted where the dates have not been clearly established.
On October 10, 1967, complainant, Hedwig Kolodziejski, filed a complaint for support of her child, *439 Louis, under The Civil Procedural Support Law.[1] The complaint alleged that the complainant gave birth to Louis on October 26, 1966, and that appellant was the father of said child. A hearing on the complaint was held on November 20, 1967, with private counsel present for both parties. Appellant denied paternity, and at the conclusion of the hearing the Honorable Benjamin SCHWARTZ, Judge of the then County Court, ordered that appellant be held for court on charges of fornication, bastardy, and neglect to support a child born out of wedlock. Appellant's bail was set at $300 by Judge SCHWARTZ, and appellant signed his own recognizance bond.[2]
At the time of the hearing before Judge SCHWARTZ, the case of Commonwealth v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968), was before the Supreme Court awaiting decision. The Supreme Court held in Dillworth *440 that a judge could not determine the paternity of an illegitimate child in a proceeding under The Civil Procedural Support Law because a putative father who denied paternity was entitled to a jury trial on that issue. Since The Civil Procedural Support Law contains no provision for trial by jury, Dillworth has been interpreted as requiring a criminal proceeding to determine paternity, with all the safeguards for the rights of the defendant that a criminal proceeding implies. See Commonwealth v. Jacobs, 220 Pa. Superior Ct. 31, 279 A. 2d 251 (1971). If a defendant does not contest paternity, however, he may be ordered to pay support under The Civil Procedural Support Law without a prior criminal conviction on the charges of fornication and bastardy. Commonwealth v. Jacobs, supra.
Proceedings in the instant case were delayed until Dillworth was decided by the Supreme Court. After Dillworth, appellant, who denied paternity at the hearing on the civil complaint, had to be tried in the criminal courts for fornication and bastardy in order to establish his liability for support. A court representative, therefore, attempted to convert the civil complaint into a criminal complaint sometime after October, 1968, by assigning the complaint a new number and by changing the designation of branch on the complaint from "Domestic Relations" to "Women's Division".
On April 21, 1969, a petition was filed by appellant's attorney requesting that appellant be discharged from bail and all criminal proceedings against him be dismissed. In this petition appellant alleged that he had been improperly bound over to the grand jury, that he had never been properly charged with the offenses for which he had been bound over to the grand jury, that he had never been indicted for the above offenses, and that the statute of limitations had expired. A hearing was held on the petition to dismiss on May 7, *441 1969, before the Honorable Emanuel W. BELOFF. Judge BELOFF reserved decision in the matter, and on July 18, 1969, he entered an order granting appellant's petition and dismissing all criminal proceedings.
Complainant's private attorney filed a petition on July 13, 1970, to set aside or vacate Judge BELOFF'S order dismissing all criminal proceedings. The petition alleged that an "information" had been "prepared" within the two year statute of limitations, and that the statute was tolled by the filing of this "information".[3] It was further alleged in the petition that the requirement of a successful criminal prosecution by the Commonwealth as a prerequisite to a support order was unconstitutional, as it denied the petitioner due process of law and equal protection of the law. On September 29, 1970, the complainant's petition was granted by Judge BELOFF, and the order of July 18, 1969, dismissing all criminal proceedings against appellant, was revoked and rescinded.
Certiorari was issued to the Court of Common Pleas by this Court on October 13, 1970, and Judge BELOFF filed an opinion, as required, on December 10, 1970. A petition was then filed with our Court by appellant to remand the record for corrections, and this petition was granted. On November 18, 1971, a hearing was held before Judge SCHWARTZ to correct the record, and Judge SCHWARTZ referred the record to Judge BELOFF.[4] Judge BELOFF directed that the record be remanded to our Court, and he maintained his position set forth in his opinion of December 10, 1970.
The opinion of Judge BELOFF states that the order rescinding the dismissal of all criminal proceedings *442 against appellant was issued for the following reasons: (1) the order dismissing criminal proceedings was based on the lack of an indictment, (2) the court's research disclosed a waiver of presentment by appellant in the record, (3) a district attorney's bill after a waiver of presentment stands in the place of a true bill and tolls the statute of limitations, and (4) even without a valid waiver of presentment, the date of the information or affidavit of complaint, not the date of indictment, determines whether the action is barred by the statute of limitations. Judge BELOFF concluded, therefore, that the statute of limitations had been tolled, and that the complainant's action could proceed.
The first question before us is whether the applicable statute of limitations in this matter was tolled before October 26, 1968, two years after the birth of complainant's child.[5] After careful examination of the entire record, we have concluded that no criminal proceeding was ever initiated against appellant, and that the statute of limitations, therefore, has run, barring any further criminal proceedings against the appellant.
No criminal complaint has ever been filed in this case. Rule 102 of the Rules of Criminal Procedure, which was in effect between 1966 and 1968, clearly provided that criminal proceedings could be initiated only by the filing of written complaint. The complainant began this action by filing a complaint under The Civil Procedural Support Law. This complaint cannot be construed as a criminal complaint. Our Supreme Court has specifically held that the Rules of Criminal Procedure in this regard must be followed "precisely". Commonwealth v. Rose, 437 Pa. 30, 35, 261 A. 2d 586 (1970); see footnote 2 above. The Rules require that "all proceedings shall be initiated by a written complaint," *443 (Rule 102) and that "[e]very complaint shall be substantially in the form set forth in Rule 105 and shall contain [certain required information]" (Rule 104). The civil complaint filed by the complainant, aside from its improper form, does not contain (1) "[a] direct accusation to the best of the affiant's knowledge, information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania," (2) "[t]he date when the offense is alleged to have been committed," (3) "[t]he place where the offense is alleged to have been committed," (4) "[a] statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania," (5) "[a] request for the issuance of a warrant of arrest or a summons," (6) "[a] statement, attested by the issuing authority, that the affiant swore to or affirmed the complaint before him and signed it in his presence," and (7) "the date of the execution of the complaint." The above seven items are required to be included in every criminal complaint by Rule 104 of the Pennsylvania Rules of Criminal Procedure. We therefore find that there is no valid criminal complaint in the record before us.
Appellees argue, however, that this defect and any other preliminary defects were waived by appellant when he waived presentment to the grand jury of the indictments against him. We need not reach the question whether appellant could have waived the requirements of Rules of Criminal Procedure 102, 104, and 105, as there is no valid waiver of presentment in the record. The waiver of presentment signed by appellant on the back of the civil complaint is not dated, it was not signed in open court, it was not signed in the presence of appellant's attorney, and it was not signed by appellant's attorney or endorsed on the face of the bills of indictment as required by Rule 215 of the Rules of Criminal Procedure. Such a "waiver" is no waiver at *444 all, and appellant, therefore, has not waived his right to raise any defects preliminary to his signing of the waiver form.
The question then becomes whether, in the absence of a valid criminal complaint, any part of the proceedings in this case prior to October 26, 1968, would have tolled the applicable statute of limitations. Traditionally, a statute of limitations in a criminal case will be tolled by indictment. See the Act of March 31, 1860, P.L. 427, § 77, as amended, April 6, 1939, P.L. 17, § 1, 19 P.S. § 211. If the bills of indictment have not been presented to the grand jury, and the defendant has not waived presentment, the bills will not toll the statute. Commonwealth v. Howard, 210 Pa. Superior Ct. 284, 232 A. 2d 207 (1967); cf. Commonwealth v. Cardonick, 448 Pa. 322, 292 A. 2d 402 (1972). Since the bills of indictment in the instant case were not presented to the grand jury, and since appellant never waived presentment, the bills of indictment could not have tolled the statute of limitations.
Appellees contend, however, that the statute of limitations in this case is tolled by the filing of an information or an affidavit of complaint. Though this view of the statute, 18 P.S. § 4732, has been adopted by our Court in several cases, we are not presently convinced of its validity. See Commonwealth ex rel. Smith v. Patterson, 197 Pa. Superior Ct. 538, 179 A. 2d 233 (1962), rev'd on other grounds, 409 Pa. 500, 187 A. 2d 278 (1963), and cases cited therein.
Assuming, however, that the statute would be tolled by some prosecutorial action prior to indictment, we cannot find any such action prior to October 26, 1968, when the statute of limitations would have run. As stated above, the civil complaint cannot be construed as a criminal complaint. Commonwealth v. Rose, supra. Nor could the civil complaint be sufficient to toll the statute. In Commonwealth v. Cardonick, supra, our *445 Supreme Court held that an invalid indictment or information cannot toll a statute of limitations, and that statutes of limitations are to be "liberally construed in favor of the defendant and against the Commonwealth." 448 Pa. at 330. If an invalid indictment or information will not stop the running of the statute, there is no basis for an argument that some other irregular and improper procedure will toll the statute.
At the November 20, 1967, hearing on the civil complaint Judge SCHWARTZ held appellant for court and set bail. Appellees argue, in the alternative, that if the civil complaint did not toll the statute, this "preliminary hearing" would toll the statute. There is absolutely no basis for calling the November 20th hearing a "preliminary hearing". The hearing was on the petition filed under The Civil Procedural Support Law; no criminal complaint had been filed; no summons or warrant of arrest had been issued as required by Rules of Criminal Procedure 106, 110, and 112; no district attorney was present, as would be specifically required unless private counsel was authorized to proceed by the Judge under the Act of August 9, 1955, P.L. 323, 16 P.S. § 1409; and the hearing was not held in conformity with Rules of Criminal Procedure 116, 117, 118, and 119, relating to preliminary hearings.
It is apparent, therefore, that the statute of limitations was not tolled prior to October 26, 1968, and that any further criminal proceedings against appellant are barred.
Appellees contend, nonetheless, that even if the criminal statute of limitations has run, they should be allowed to proceed on the civil complaint without a determination of paternity in a criminal proceeding. Appellees argue that the requirement of a criminal proceeding to determine paternity of an illegitimate child denies that child equal protection of the law and due process of law. We do not decide and are not considering *446 these issues, however, because the appeal before us concerns only the validity of the lower court's order rescinding the dismissal of the criminal charges against appellant.
For the above reasons, the order of July 18, 1969, discharging appellant from bail and dismissing all criminal proceedings against him, is reinstated.
DISSENTING OPINION BY PACKEL, J.:
This is a bastard proceeding in a double sense. What began as a civil proceeding in bastardy under The Pennsylvania Civil Procedural Support Law[1] was turned into a criminal prosecution. The court below had entered an order dismissing the case as a criminal proceeding but later rescinded that order because the original plaintiff had not been given any notice of that step in the proceeding.
The appellant claims that the rescission order was improper. To uphold that claim would create an injustice. For then the original plaintiff, because of errors made in treating her civil action as a criminal one, through no fault of hers, will have lost her day in court. The original order which would have effectively ended the litigation with no notice thereof to the original plaintiff, would have deprived her of due process of law. Hence the court below properly rescinded the order. Due process requires that a party be given notice of every new step in the proceeding, and a reasonable opportunity to be heard. Griffin v. Griffin, 327 U.S. 220 (1946).
The underlying problem stems from Commonwealth v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968), which held that the defendant in a suit where paternity was in issue has a right to a jury trial. That decision was *447 improperly interpreted in the court below to mean that any support suit in which the putative father denied paternity required a criminal proceeding on that issue. Hence the effort to make the case at bar over into a criminal one. In Commonwealth v. Jacobs, 220 Pa. Superior Ct. 31, 279 A. 2d 251 (1971), however, this Court rejected that interpretation. Since the defendant in Jacobs did not request a jury trial and, in fact, preferred the determination of paternity to be made in the civil action, this Court saw no reason to force the parties into an unnecessary criminal proceeding. Thus under the Jacobs analysis, the lower court in this case should not have treated the defendant as though he were held on criminal charges. The issue of paternity should instead have been determined by the court as authorized by The Civil Procedural Support Law with a right to a jury trial on the issue of paternity.
If appellant claims his right to a jury trial, Dillworth prohibits denying him such a trial on the paternity issue. But there is no need to convert the case into a criminal one to satisfy that requirement. Our judicial machinery is not so inflexible that the civil proceeding in the court below could not have been handled by that court either holding the jury trial or transferring it, as in this case, to the criminal side of the court but solely for a jury trial to determine the issue of paternity.[2]
The case should be remanded to the court below for further proceedings in accordance with this dissenting opinion.
WRIGHT, P.J., and CERCONE, J., join in this dissenting opinion.
NOTES
[1] The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P.L. 431, § 1, as amended, August 14, 1963, P.L. 872, § 1, 62 P.S. §§ 2043.31-2043.44 et seq.
[2] Apparently Judge SCHWARTZ sat as an issuing authority at the hearing on the civil complaint. Though we know of no authority in Pennsylvania which prohibits such a practice, our Supreme Court has specifically held that Common Pleas judges when sitting as committing magistrates must follow the Rule of Criminal Procedure "precisely". Commonwealth v. Rose, 437 Pa. 30, 35, 261 A. 2d 586 (1970).

In Rose, the Supreme Court stated that "Rules 102 and 104 provide a clear and simple procedure [for the institution of criminal proceedings by written complaint]; until exceptions to those rules are adopted, they must be followed in all cases.
"This also means that a preliminary arraignment must be held pursuant to Rule 116 and, if not waived, a preliminary hearing held pursuant to Rules 116(g), 117, 118, and 119." Commonwealth v. Rose, supra at 35.
As will be discussed below, the procedure utilized by Judge SCHWARTZ did not comply with the requirements of the Pennsylvania Rules of Criminal Procedure. Judge SCHWARTZ had no authority therefore, to hold appellant for court or set bail.
[3] The "information" referred to is apparently the civil complaint, the effect of which is discussed below.
[4] Appellant's attorney presented evidence that certain docket entries were incorrect. Judge SCHWARTZ, however, referred the record to Judge BELOFF without ordering any corrections.
[5] Act of June 24, 1939, P.L. 872, § 732, 18 P.S. § 4732.
[1] Act of July 13 1953, P.S. 431, as amended, 62 P.S. §§ 2043.31-2043.44.
[2] Compare the old orphans' court practice of transferring issues of fact to the common pleas court. See Cross's Estate, 278 Pa. 170, 184, 122 A. 267 (1923).