**Commonwealth ex rel. Ebron v. Lee**

*William H. Ryan, Jr., Assistant District Attorney,* for Commonwealth.
*Nicholas Guarente,* for respondent.

TOAL, *J.,* December 17, 1979—On or about January 18, 1977, Sylvia Ebron, living in the State of North Carolina, petitioned under the Uniform Reciprocal Enforcement of Support Act[1] for support of her child born out of wedlock on December 7, 1976, alleging that respondent, William Thomas Russell Lee, residing in Delaware County, Pennsylvania, was the father of the child. Apparently, the case was originally listed for a hearing on October 4, 1977. Though the record of that proceeding has not been transcribed, it appears that the case was continued for a conference in the Domestic Relations Office. It is clear that the case was neither heard on its merits nor dismissed. Since that date the case has been listed for hearing on several occasions and continued for various reasons, including the need for additional information from the State of North Carolina. It is now before us for the determination of certain legal issues raised by respondent.

Respondent contends that since he has denied paternity he is entitled to have that issue determined in a criminal prosecution wherein the Com-

---

1. Act of May 10, 1951, P.L. 279, as amended, 62 P.S. §2043.1 et seq.

monwealth would have the burden of proof beyond a reasonable doubt. He further contends that any criminal proceeding in this case is now barred by the statute of limitations. In support of his position, respondent alleges that the latest amendment to The Pennsylvania Civil Procedural Support Law,[2] effective June 27, 1978, abolishing the right to a criminal proceeding on the issue of paternity, violates his rights to full protection of the law. We assume by this statement he is claiming his rights to due process of law have been violated.

The amendment to The Civil Procedural Support Law, supra, provided with certain exceptions that actions thereunder shall be brought within six years of the birth of the child. With the exception of prosecutions already commenced under the Crimes Code, the amendment repealed that section of the Crimes Code[3] making it a crime to neglect to support an illegitimate child. In the instant case, no criminal prosecution was commenced. The new law specifically provides, Act 1978-46, §2:

"An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence."

2. Act No. 1978-46, P.L. 106, amending the Act of July 13, 1953, P.L. 431.

3. 18 Pa.C.S.A. §4323.

No provision was made in the original Civil Procedural Support Law to provide for support of illegitimate children. This was remedied in 1963 by an amendment which included an action for support of illegitimate children under The Civil Procedural Support Law. Our Supreme Court, in the case of Com. v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968), determined that the legislature by the amendment did not intend to authorize the determination of paternity by a judge alone and that, therefore, the right to a jury trial in the determination of paternity was unaffected by the 1963 amendment. When paternity was disputed, that issue, therefore, had to be determined by a prior criminal proceeding under The Penal Code of June 24, 1939, P.L. 872, 18 P.S. §4101 et seq. There was no provision, at the time, for a civil jury trial in paternity cases. Furthermore, the criminal prosecution had to be brought, with certain exceptions, within two years of the child's birth. A failure to do so mandated a dismissal of the support action: Com. ex rel. Kolodziejski v. Tancredi, 222 Pa. Superior Ct. 436, 295 A. 2d 174 (1972).

The 1978 amendment clearly expresses the intent of the legislature to make the determination of support of a child born out of wedlock purely a civil action. While we question, in the first instance, whether a putative father has a constitutional right to have the issue of paternity determined by a jury (see the discussion of this issue in the dissenting opinion of Justice Musmanno in Com. v. Dillworth, supra), the legislature, by its 1978 amendment has provided for the issue to be decided by a jury in a civil proceeding.

Defendant has no vested right to be prosecuted in a criminal proceeding. The legislature has the un-

questioned authority to determine that certain conduct will no longer be a crime. Thus, since respondent no longer is subject to any penalties under the Crimes Code, the reasons for the due process requirement inherent in criminal trials, including proof beyond a reasonable doubt, are no longer applicable. Therefore, the constitutional rights of defendant are not violated by the legislature expressly providing that the burden of proof shall be by a preponderance of evidence in a civil proceeding. We conclude that respondent's rights to due process of law are fully protected.

Having determined that respondent has no right to have the issue of paternity decided in a criminal proceeding, we find that the proceedings in this case under The Civil Procedural Support Law are not barred by the statute of limitations. Respondent would have us apply the two year criminal statute of limitations. Prior to the 1978 amendment, there existed no statute of limitations in civil paternity actions: Timms v. Potts, 127 Pitts.L.J. 145 (1978). The two year statute of limitations was a bar to criminal prosecution on the issue of paternity. Where the statute of limitations had run on the criminal proceedings petitioner, under the Civil Support Act, was previously barred from proving a right to support. In such case, our Superior Court has held that the civil proceeding would be dismissed for lack of jurisdiction over the subject matter: Com. ex rel. Yentzer v. Carpenter, 240 Pa. Superior Ct. 202, 362 A. 2d 1101 (1976). Since it is no longer necessary to have the determination of paternity made in a criminal proceeding, the petitioner may bring a civil paternity action within the time limitations now determined by the legislature to be six years, with certain exceptions. In the in-

stant case, the petitioner initiated the civil action within two months of the birth of the child. Thus, she has clearly complied with the statute of limitations: Timms v. Potts, supra.

## ORDER

And now, December 17, 1979, it is ordered that the motion of respondent for dismissal of the petition for support be and the same is hereby denied and the case shall proceed to trial.