426 A.2d 168

**COMMONWEALTH of Pennsylvania**

v.

**Milton LEE, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1980.

Decided Feb. 20, 1981.

Robert N. Tarman, Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, P. J., and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Following a non-jury trial, appellant was convicted of neglecting to support a bastard child [1] and was sentenced to pay support in the amount of $5.00 per week for the welfare of the child, Yolanda Blair. In this appeal, appellant raises two issues: (1) whether the court below erred in holding that appellant had made a voluntary contribution to the support of the bastard child, and (2) whether the trial court erred in admitting into evidence oral testimony relating to a purported written acknowledgment of paternity without production of the writing.

■ Under the provision of 18 Pa.C.S.A. § 4323(b), an action for support of a bastard child "must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity.  . . ." The criminal complaint initiating this action was dated May 8, 1978. The affiant of the complaint, Gloriousann Blair, alleged that appellant was the natural father of her daughter, Yolanda Marie Blair, born out of wedlock on December 7, 1970. Because the action was not

---

[1]. The offense of Neglect to Support a Bastard Child is set forth in 18 Pa.C.S.A. § 4323.

commenced within two years of the child's 1970 birthdate, the Commonwealth was required to prove paternity either by showing evidence of support or a written acknowledgment of paternity. The only evidence of support offered was a Christmas gift, a dress, which was given to the child in December, 1977. In its opinion, the court below held that this sole gift, seven years after the birth of the child, constituted a voluntary contribution to the child's support and, thus, met the statutory prerequisite for application of the exception clause. We disagree with this conclusion of the lower court.

■ Although the word "support" is not restricted solely to monetary contributions and also encompasses providing the child with items ordinarily necessary for the child's care, the single Christmas gift of a dress in the case at bar does not evidence voluntary support within the meaning of the statute. Recently, our Court in *Commonwealth v. Singleton*, 282 Pa.Super. 406, 422 A.2d 1347 (Super.1980), reviewed a similar situation arising under the statute in question and concluded that "where only a single payment or contribution has been made, the evidence must show that it was made in circumstances from which it may reasonably be inferred that in making it, the father was recognizing the child as his own." *Id.*, 282 Pa.Super. at 406, 422 A.2d 1347. In reaching this decision, our Court reasoned that the statute regarded the requirements of voluntary support and acknowledgment of paternity as essentially the same, so that where "the evidence of the circumstances surrounding a voluntary contribution is insufficient to support a finding that the contribution amounted to an acknowledgment of paternity, it may not be held that the contribution extended the period of limitations." *Id.* *See generally Commonwealth v. Young*, 275 Pa.Super. 588, 419 A.2d 57 (1980); *Commonwealth v. Boyer*, 168 Pa.Super. 16, 76 A.2d 230 (1950); *Commonwealth v. Teeter*, 163 Pa.Super. 211, 60 A.2d 416 (1948).

Instantly, the evidence surrounding appellant's gift to the child is insufficient to support a finding that appellant was acknowledging his paternity of the child in presenting her

with a Christmas gift. Reviewing the evidence in the light most favorable to the Commonwealth as verdict winner below, *Commonwealth v. Singleton, supra,* we are unpersuaded that the Commonwealth established appellant's acknowledgment of paternity. The Christmas gift, made seven years after the birth of the child, appears to be the only contribution appellant offered the child; no prior instances of support are indicated. Moreover, although appellee was permitted to testify at trial that a card inscribed "from her daddy" accompanied the gift, the alleged Christmas card was never produced.[2] The Christmas gift of a dress to the child appears to be no more than a sole gratuitous gesture on the part of appellant, unrelated to the acknowledgment of paternity.

The order of the lower court is reversed and appellant is discharged.

---

**2.** Appellant's second argument is specifically directed to the admission of this testimony. However, in reversing the case on the basis of the Neglect to Support a Bastard statute, we need not address appellant's second argument.